■ BROAD EXCHANGE ASSOCIATES, Respondent, v HIRSCH & Co., Defendant, F. I. DUPONT GLORE FORGAN & Co. et al., Appellants, and WEEDEN & Co., INCORPORATED, Respondent.—Order, Supreme Court, New York County, entered May 21, 1975, granting summary judgment to the plaintiff and dismissing cross claims and counterclaims of defendants F. I. duPont Glore Forgan & Co. (FIDGF) and duPont Glore Forgan Incorporated (DGF) and judgment entered June 9, 1975, unanimously affirmed, without prejudice to the right of the appellant to apply to Special Term for leave to serve an amended first cross claim upon Weeden & Co., Incorporated (Weeden), within 20 days from the service by appellants of a copy of the order hereon, with notice of entry, upon additional defendant-respondent Weeden, in accordance with this decision. Plaintiff-respondent and additional defendant-respondent shall recover of appellants one bill of $60 costs and disbursements of this appeal. All parties have always relied on the agreement

between FIDGF and Weeden as a sublease. Indeed, in the injunction action Mr. Justice Fine accepted that agreement as such in holding that DGF lacked standing to enforce it. Consequently, it is now too late for appellants to argue that it was an assignment. Thus, we agree that there are no controlling issues which preclude summary judgment in favor of plaintiff, or accelerated judgment for Weeden on all but the first cross claim. As to the first cross claim, in searching the record, we perceive an issue that might permit appellants to recover reimbursement from Weeden for sums paid by appellants to plaintiff. Appellants claim Weeden assumed the obligations of the prime leases. If so, the prime landlord might have obtained rights directly against Weeden. *(Lawrence v Fox,* 20 NY 268; *Binyontov, Inc. v Schmerzler,* 65 NY Supp 2d 874; *Shearer v United Carbon Co.,* 143 W Va 482; 51C CJS, Landlord and Tenant, § 48[1], subd b, pp 144–145; Ann 42 ALR 1173, 1174–1177; 3A Thompson, Real Property, § 1225.) FIDGF and DGF, to the extent they shall have paid Weeden's rental obligations to plaintiff—but only to that extent—may succeed by subrogation to those rights. It appears that DGF has already paid rent for two months and with its codefendant may be paying additional rent when the judgment is satisfied. What is not clear is whether in making these payments DGF is paying an obligation of Weeden to plaintiff. The pleadings are not squarely directed to this issue, and we are not satisfied that it has been fully explored. Concur—Murphy, J. P., Lupiano, Birns and Silverman, JJ.